Phillips v. Phillips 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-269-CV

     ROYCE LOURENE PHILLIPS,
                                                                                        Appellant
     v.

     CLARENCE ERVIN PHILLIPS, JR.,
                                                                                        Appellee
                                        

From the 13th District Court 
Navarro County, Texas
Trial Court # 94-00-04032-CV
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On April 14, 1994, Royce Phillips sued her ex-husband Clarence Phillips for a partition of
proceeds from previously-held community property. On August 9, 1996, the trial court granted
a summary judgment in favor of Clarence Phillips. Royce Phillips perfected her appeal on
September 6, 1996, by filing in the trial court a cash deposit in lieu of an appeal bond. The
transcript was filed in this court on December 2, 1996. On December 30, 1996, Royce Phillips
filed a motion to dismiss the appeal. We will deny the motion.
      In the unverified motion to dismiss, Royce Phillips' attorney, James E. Cummins, avers that
Royce Phillips died intestate on November 13, 1996, and that none of Royce Phillips' children
(who are also the children of Clarence Phillips) wishes to continue the appeal. Cummins asserts
in the motion that he obtained this information from one of Royce Phillips' sons, who is also
acting as the executor of Royce Phillips' estate.
      Rule 9(a) of the Rules of Appellate Procedure provides, in relevant part:
If any party to the record in a cause dies after rendition of judgment in the trial court, and
before such cause has been finally disposed of on appeal, such cause shall not abate by such
death, but the appeal may be perfected and the court of appeals or the Supreme Court, if it
has granted or thereafter grants a writ therein, shall proceed to adjudicate such cause and
render judgment therein as if all parties thereto were living, and such judgment shall have the
same force and effect as if rendered in the lifetime of all parties thereto.

Under the authority of Rule 9(a), therefore, a properly perfected appeal, as this one is, will
survive the death of any party to the appeal.
      Rule 59(a)(1) of the Rules of Appellate Procedure provides:
The appellate court may finally dispose of an appeal or writ of error as follows:
(A) In accordance with an agreement signed by all parties or their attorneys and filed with
the clerk; or
 
(B) On motion of appellant to dismiss the appeal or affirm the judgment appealed from,
with notice to all other parties; provided, that no other party shall be prevented from
seeking any appellate relief it would otherwise be entitled to.

Tex. R. App. P. 59(a).

      For this to be an effective motion to dismiss under Rule 59(a), one of two things would be
necessary: either (1) Cummins in bringing the motion to dismiss represented not only Royce
Phillips but her estate as well, or (2) the acting representative of Royce Phillips' estate joined the
motion. There is, however, no evidence in the record that Cummins represents anyone other than
Royce Phillips individually and the only indication that the acting representative of Royce Phillip's
estate wishes to join the motion is an unverified hearsay statement from Cummins.


 Therefore,
under the authority of Rules 9(a) and 59(a), Royce Phillips' motion to dismiss is ineffective.
      The motion to dismiss is denied.

PER CURIAM
 
Before Chief Justice Davis,
         Justice Cummings, and
         Justice Vance
Motion denied 
Opinion delivered and filed January 15, 1997
Do not publish